LOLLEY, J.
| ]This criminal appeal arises from the 26th Judicial District Court, Parish of Bossier, State of Louisiana. The defendant, Donzell Don Anderson, pled guilty to second degree battery, in violation of La. R.S. 14:34.1. He was sentenced to serve five years’ imprisonment at hard labor, with all but six months suspended, and two years’ supervised probation. He was also assessed a fine of $2,500.00 plus court costs, in default of which to serve one year in the parish jail. Anderson appeals his sentence, which for the following reasons we amend, and affirm as amended.
Facts
On May 10, 2013, Donzell Don Anderson was charged, via bill of information, with the aggravated assault of Harry Carter, in violation of La. R.S. 14:34.1. The public defender’s office was appointed to represent Anderson. The facts of the case indicated that Anderson struck Carter in the head with a glass gin bottle, which caused a laceration to Carter’s forehead.
Anderson pled guilty to second degree battery. In accordance with his plea agreement, Anderson was subsequently sentenced to five years’ imprisonment at hard labor, all but six months suspended, and two years’ supervised probation. Anderson was also assessed a fine of $2,500.00 plus court costs, payable over the first year of probation, in default of which to serve one year in the parish jail. Anderson filed a pro se motion for appeal, which was granted. The Louisiana Appellate Project was appointed to represent Anderson.
| gPlSCUSSION
Anderson raises two assignments of error in connection with his sentence. The State maintains that pursuant to La. C. Cr. P. art. 881.2A(2) Anderson is not entitled to an appeal as the sentence was imposed in conformity with a plea agreement. In this case, however, Anderson’s sentence contains errors patent which may be addressed on appeal regardless of his plea agreement.
First, Anderson submits that the trial court erred, as a matter of law, in rendering an excessive sentence in this case by setting his fine in excess of the maximum authorized by La. R.S. 14:34.1. He specifically argues that the sentence assigned by the trial court is clearly excessive, in violation of La. Const., art. I, § 20. Although the State maintains that this matter should not be considered on appeal, it does not object to a correction of the sentence regarding the fine imposed.
Louisiana R.S. 14:34.1 provides that “[wjhoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than eight years, or both.” In this case, Anderson was sentenced to pay a fine of $2,500.00 as part of the agreed upon sentence, which is $500.00 more than the maximum fine allowed by the statute. His assignment of error has merit and the fine should be reduced to $2,000.00, the maximum allowed by statute, payable over the first year of probation in strict accordance with the statute.[1]
|oAnderson’s second assignment of error addresses another error patent in the sentence. He submits that the trial court *549 erred, as a matter of law, in rendering an illegal sentence regarding default jail time if the fíne and court costs were not paid timely. Anderson argues that the trial court’s sentence to serve one year in jail “for failure to pay the fíne and court costs” violates current jurisprudence. He asserts that, as an indigent defendant, he may not be subjected to imprisonment for the failure to pay a fíne. We agree.
Louisiana C. Cr. P. art. 884 provides that, “[i]f a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year.” However, an indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Baker, 49,175 (La.App.2d Cir.08/27/14), 148 So.3d 217. A defendant’s claim of indigence in such a situation may be discerned from the record. State v. Baker, supra; State v. Taylor, 43,901 (La.App.2d Cir.02/25/09), 3 So.3d 677, writ denied, 2009-0687 (La.12/11/09), 23 So.3d 911. In this case, the record reflects that the defendant was represented by the public defender’s office at trial and by the Louisiana Appellate Project on appeal. As such, he was adjudicated an indigent defendant. Notably, at the time of his plea, Anderson was 56 years old with only a 10th grade education. The record does not indicate that Anderson had any earning potential which would have enabled him to pay his fine. So considering, as an indigent, Anderson may |4not be sentenced to additional jail time for the failure to pay the fine or court costs. Bearden v. Georgia, supra. Therefore, this assignment of error has merit and the portion of the sentence imposing additional jail time for failure to pay the fine should be vacated.
Conclusion
For the foregoing reasons, Donzell Don Anderson’s sentence of five years’ imprisonment at hard labor, with all but six months suspended, and two' years’ supervised probation is affirmed; however, the imposed fine is reduced and amended to the statutory maximum of $2,000.00 plus court costs, payable over the first year of probation. We vacate the portion of the sentence providing for additional jail time in the event of default of payment of the fine and affirm the sentence as amended.
AFFIRMED AS AMENDED.

. Notably, the fine amount allowed in the statute is discretionary and assessment of a fine would require consideration by the trial court. However, because the maximum fine was part of Anderson’s agreed sentence, this court can correct it on appeal instead of remanding for the trial court’s consideration.